IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, B V HYLER, STEVEN F. SCHAAB and CARLO TARLEY as Trustees of the UNITED MINE WORKERS OF AMERICA 1950 PENSION PLAN, MICHAEL H. HOLLAND, MICHAEL W. BUCKNER, B V HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION PLAN,<br><br>    Plaintiffs<br><br>v.<br><br>WIND RIVER RESOURCES, CORP.,<br><br>BC ENERGY, INC.<br>11950 MacCorkle Ave<br>P.O. Box I<br>Marmet, WV  25365<br><br>    Defendants | Civil Action No. 1:06CV01744 (RWR) |

ANSWER OF BC ENERGY, INC., TO COMPLAINT FOR
COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY

    The Defendant, BC Energy, Inc. ("Defendant"), by its undersigned counsel, hereby states the following for its Answer to Plaintiffs' Complaint for Collection of Employer Withdrawal Liability.

FIRST DEFENSE
(Response to Complaint Allegations)

    1.    The Defendant states that the allegations in paragraph 1 are conclusory allegations of law to which no response is required beyond the other responses herein.

2. The Defendant admits the allegations set forth in paragraph 2 of the complaint.

3. The Defendant denies the allegations set forth in paragraph 3 of the complaint.

4. The Defendant admits the allegations set forth in paragraph 4 of the complaint.

5. The Defendant admits the allegations in paragraph 5 that Wind River Resources, Corp. is a West Virginia corporation that formerly did business relating to coal mining and preparation, but denies the remaining allegations of said paragraph.

6. The Defendant admits that Wind River Resources, Corp. was a party to the National Bituminous Coal Wage Agreement of 1998 and a signatory to a non-conforming version of the National Bituminous Coal Wage Agreement of 1993, as alleged, in part, in paragraph 6 of the complaint, but denies the remaining allegations of said paragraph.

7. The Defendant admits the allegations set forth in paragraph 7 of the complaint.

8. The Defendant admits the allegations set forth in paragraph 8 of the complaint.

9. The Defendant denies the allegations set forth in paragraph 9 of the complaint.

10. The Defendant denies the allegations set forth in paragraph 10 of the complaint.

11. The Defendant denies the allegations set forth in paragraph 11 of the complaint.

12. The Defendant admits the allegation of paragraph 12 of the complaint that the Plaintiffs provided a letter to Wind River Resources, Corp. dated April 25, 2002 notifying of its withdrawal liability, but denies the remaining allegations of said paragraph.

13. The Defendant denies the allegations set forth in paragraph 13 of the complaint as they apply to the Defendant.

14. The Defendant denies the allegations set forth in paragraph 14 of the complaint.

15.     The Defendant admits the allegations set forth in paragraph 15 that it has not paid withdrawal liability interest payments demanded by the Plaintiffs, but denies the remaining allegations of said paragraph.

16.     The Defendant denies the allegations set forth in paragraph 16 of the complaint

17.     The Defendant denies the allegations set forth in paragraph 17 of the complaint.

The Defendant denies each and every allegation of the complaint not specifically admitted herein.

## SECOND DEFENSE

The claims of the Plaintiffs set forth in the Complaint are barred by the applicable six year statute of limitations set forth in 29 U.S.C. §1451. Partial withdrawal of the employer from the subject plans incurred in 1998 and full withdrawal occurred in 1999.

## THIRD DEFENSE

The causes of action in the complaint are barred under the equitable doctrine of laches in that:

(a) the Plaintiffs failed to notify either of the Defendants of asserted withdrawal liability for over three years after the date the withdrawal was known to, and documented by, the Plaintiffs in breach of Plaintiffs' statutory duty to notify the employer "as soon as practicable" of the assertion of such liability, as set forth in 29 U.S.C. § 1399(a)(1);

(b) the Plaintiffs did not assert claims against Defendant for over six years after the event of employer withdraw;

(c) in January, 2000 the Plaintiffs filed a civil action against the employer for fund related claims in the United States District Court for the Southern District of West Virginia and

3

dismissed the action in that same year without asserting the withdrawal claims then known to the Plaintiffs; and

(d) the lack of diligence of the Plaintiffs has been detrimental to the Defendant who commenced in 2004 a new business unrelated to the employer or its prior operations or employees and invested substantial sums in the same.

## FOURTH DEFENSE

The Plaintiffs are estopped by their own conduct from asserting the causes action set forth in the complaint.

## FIFTH DEFENSE

The Defendant reserves the right to assert such affirmative and other defenses as may be determined from the facts and circumstances revealed by the discovery process in this case.

WHEREFORE, the Defendant requests the following relief:

(a)     the dismissal of Plaintiffs' complaint;

(b)     the award to Defendant of its cost incurred in this action; and

(c)     the award of such other and further relief, both legal and equitable, as may be just.

BC ENERGY, INC.
By Counsel

  /s/
_____
Ralph D. Rinaldi, Esq, D.C. Bar No. 455004
COWLES, RINALDI, JUDKINS & KORJUS, LTD.
10521 Judicial Drive, Suite 204
Fairfax, Virginia  22030
Telephone: (703) 385-9060                                             November 16, 2006

*Of Counsel*
LEWIS, GLASSSER, CASEY & ROLLINS, PLLC
John A. Rollins, Esq.
300 Summers Street,
BBT Square, Suite 700
Charleston, WV  25326
Telephone: (304) 345-2000