IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
TRUST,
                Plaintiffs,
    v.

WIND RIVER RESOURCES CORP.
BC ENERGY, INC.

                Defendants.

Civil Action No. 1:06-CV-01744 (RWR)

## JOINT RULE 16.3 STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, a meeting was held over the telephone on February 23, 2007 and was attended by:

    Christopher F. Clarke on behalf of Plaintiffs

    Ralph D. Rinaldi and John A. Rollins on behalf of Defendant BC Energy, Inc.

### Statement of the Case

The Plaintiff Trustees of the UMWA 1974 Pension Trust (the "Trustees") brought this action to collect pension plan withdrawal liability pursuant to the under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 (1982).  The Trustees allege that Defendant Wind River Resources Corp. permanently ceased covered operations on or about October 1999 and thereby incurred withdrawal liability to the 1974 Pension Trust in the amount of approximately $1.3 million.  The Trustees further allege that BC Energy, Inc was a member of

the controlled group of corporations with Wind River Resources within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301 (B)(1), and is therefore jointly and severally liable for the withdrawal liability. B.C. Energy, Inc. contests that it was a member of a controlled group and further asserts that the Plaintiffs failed to timely assert withdrawal liability as required by ERISA such that it is barred by the applicable statute of limitations and equitable doctrines.

## Matters to be Discussed by the Parties and Agreements Reached

At the conference, the parties discussed the following matters, and reached the agreements as described, as required under Local Civil Rule 16.3(c):

(1) Whether the case is likely to be disposed by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**Parties' Agreement:**

The parties agree that it is possible that this case will be resolved on motions for summary judgment but that, prior to conducting discovery, the parties cannot conclude that there will be no factual dispute requiring a trial.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Parties' Agreement:**

The parties agreed to a date for joining other parties or amending the pleadings 90 days after the scheduling conference or June 13, 2007.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Parties' Agreement:**

The parties do not wish to have this case assigned to a magistrate judge.

(4)     Whether there is a realistic possibility of settling the case.

   **Parties' Agreement:**

   The parties have discussed settlement and believe that there is a fair possibility of settlement in the future but also that it is premature to assess settlement prior to discovery.

(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

   **Parties' Agreement:**

   The parties do not believe that ADR is appropriate at this stage of the proceedings but it may be fruitful later.

(6)     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

   **Parties' Agreement:**

   The parties do not believe that the Court should set a firm trial date until a pretrial conference after the Court has the resolved of motions for summary judgment.

(7)     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

   **Parties' Agreement:**

   The parties agree that it is possible that this case will be resolved on motions for summary judgment but that, prior to conducting discovery, the parties cannot conclude that there will be no factual dispute requiring a trial. The parties propose that dispositive

motions are due on or before 60 days after the close of discovery with responses due 30 days thereafter and replies due 14 days after responses. These dates are: November 16, 2007; December 17, 2007; and January 2, 2008.

(8) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**Parties' Agreement:**

The parties agree that they will abide by the requirements of Rule 26(a)(1).

(9) The Anticipated extend of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Parties' Agreement:**

The parties agree that the guidelines for standard cases are appropriate for this case with exception that all discovery should close by September 16, 2007 which is 180 days after the initial scheduling conference.

(10) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**Parties' Agreement:**

The parties agree that they will abide by the requirements of Rule 26(a)(2) if experts are required in this case.

(11) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Parties' Agreement:**

The parties agree that this is not a class action and therefore Rule 23 proceedings are not

relevant.

(12)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Parties' Agreement:**

The parties agree that trial and discovery should not be bifurcated in this case.

(13)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Parties' Agreement:**

The parties agree that the pretrial conference should take place, if necessary, 30 days after

the court has ruled on motions for summary judgment.

(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Parties' Agreement:**

The parties do not believe that other matters are necessary for inclusion in the scheduling

order.

                                                              Respectively submitted,

/s/
Ralph D. Rinaldi, Esq.                                      David W. Allen
D.C. Bar No. 455004                                      General Counsel
Cowles, Rinaldi, Judkins & Korjus, Ltd.      D.C. Bar No. 81638
10521 Judicial Drive, Suite 204
Fairfax, Virginia  22030
703-385-9060
703-385-4353 (fax)

Attorney for Defendant BC Energy, Inc.

/s/
Larry D. Newsome
Associate General Counsel
D.C. Bar No. 254763


/s/
Christopher F. Clarke
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA Health & Retirement Funds
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: (202) 521-2238

Attorneys for Plaintiffs

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
TRUST,
          Plaintiffs,
    v.

BC ENERGY, INC. AND WIND RIVER
RESOURCES CORP.

          Defendant.

Civil Action No. 1:06-CV-01744

## SCHEDULING ORDER

Pursuant to the Federal Rules of Civil Procedure and Local Rule 16.4, the Court, having considered the Parties' Joint Rule 16.3 Statement, and being sufficiently advised,

**HEREBY ORDERS AS FOLLOWS:**

1.    <u>Joinder and Amendments</u>:  Motions to join other parties or to amend the pleadings shall be filed by **June 13, 2007**.

2.    <u>Discovery</u>:  The parties shall complete all discovery requests and responses by **September 16, 2007**.  "Complete Discovery" as used in Fed. R. Civ. P. 16(b) means that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this action must be filed in time for the parties or parties objecting or responding to have opportunity to make responses.  The term "all discovery" as used in the preceding definition includes disclosures required by Fed R. Civ. P. 26(a)(1),(2), and (5), but not disclosures required by Fed. R. Civ. P. 26(a)(3).

     3.     <u>Dispositive Motions</u>:  All dispositive motions, except those filed under Fed. R. Civ. P. 12(b), together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **November 16, 2007**.  Any responses shall be filed by **December 17, 2007**, with replies filed by **January 2, 2008**.

     4.     <u>Pretrial Conference</u>:  A final pretrial conference shall be held 30 days after the Court has ruled on motions for summary judgment.  Lead counsel and any unrepresented parties shall appear fully prepared to discuss all aspects of the case.  Individuals with full authority to settle the case shall be present in person.  Following the pretrial conference, the court shall enter a final pretrial order, which shall only be modified to prevent manifest injustice.

_____
UNITED STATES DISTRICT COURT JUDGE