IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,<br><br>          Plaintiffs,<br>     v.<br><br>BC ENERGY, INC. AND WIND RIVER RESOURCES CORP.<br><br>          Defendants. | Civil Action No. 1:06-CV-01744 (RWR) |

## APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

I hereby certify, this 18th day of September, 2007, that I am co-counsel of record for the Plaintiffs in the above-entitled action; that Defendant Wind River Resources Corp. was served via certified mail pursuant to the provision of Rule 4(h)(1) of the Federal Rules of Civil Procedure and Rule 4(c)(3) of the Superior Court of the District of Columbia on November 3, 2006 and that proof of service was filed with the Court on November 27, 2006 by Affidavit of Service By Certified Mail, a copy of which is attached as Exhibit A.

I further certify that no appearance has been entered by Defendant Wind River Resources Corp.; that the time within which Defendant Wind River Resources Corp. may answer or otherwise respond to the Complaint has expired; that Defendant Wind River Resources Corp. has not filed pleadings in this matter and no pleadings have been served upon Plaintiffs' attorneys; and that this Court has jurisdiction over Defendant Wind River Resources Corp, and venue properly lies in this Court, pursuant to 29 U.S.C. §§ 1132, 1451.

The Application for Entry of Default of Wind River Resources was filed on February 27, 2007,

There is now justly due and owing to the Plaintiffs by Defendant Wind River Resources Corp.:

(a) withdrawal liability within the meaning of 29 U.S.C. § 1381(a) in the amount of $1,269,444.58;

(b) interest on such sum allowable pursuant to 29 U.S.C. § 1132(g)(2)(B) calculated through September 19, 2007, in the amount of $268,181.59, plus additional interest accrued from September 19, 2007 to the date judgment is entered at the rate of $286.89 per diem;

(c) liquidated damages in amount equal to interest on the unpaid contribution pursuant to 29 U.S.C. 1132(g)(2)(C) and 1451(b) calculated through September 19, 2007, in the amount of $268,181.59, plus additional liquidated damages equal to interest accrued from September 19, 2007 to the date judgment is entered at the rate of $286.89 per diem, all as proved by the Affidavit of Dale R. Stover, filed herewith as Exhibit B; and

(d)     attorneys' fees and costs allowable under 29 U.S.C.

§ 1132(g)(2)(D) of $720.00, as proved by the Affidavit

of Christopher F. Clarke filed herewith as Exhibit C.

WHEREFORE, Plaintiffs apply to this Honorable Court to enter judgment in their favor and against Defendant Wind River Resources Corp. in accordance with the Complaint and Affidavits filed herein.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: (202) 521-2238

Attorney for Plaintiffs

Executed on September 18, 2007

197022701.doc

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2007, I served the foregoing Application for Entry of Default Judgment with supporting affidavits via United States Mail, First Class, Postage Prepaid, to the following individuals:

>Ralph D. Rinaldi, Esquire
>Cowles, Rinaldi, Judkins & Korjus, LTD
>10521 Judicial Drive
>Fairfax, VA 22030

>John A. Rollins
>Lewis, Glaser, Casey & Rollins, PLLC
>300 Summers Street
>Suite 700
>Charleston, WV 25326

/s/
Christopher F. Clarke
Senior Assistant General Counsel

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
TRUST,
            Plaintiffs,
    v.

Wind River Resources Corp.
BC Energy, Inc.

            Defendants.

Civil Action No. 1:06-CV-01744 (RWR)

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL

1. I am an Attorney Assistant for the Office of General Counsel, United Mine Workers of America ("UMWA") Health and Retirement Funds, Plaintiffs in this action.

2. On or about November 1, 2006, pursuant to Fed. R. Civ. P. 4(h)(1) and D.C. Super. Ct. R. – Civil 4(h)(1) and 4(c)(3), copies of the Summons and Complaint in this action were mailed to Wind River Resources Corp. by certified mail to:

    Wind River Resources Corp.
    P.O. Drawer I
    Marmet, WV 25365

3. Service of accomplished on November 3, 2006. A copy of the signed receipt is attached to this receipt as Exhibit A.

4.  I declare under penalty of perjury that the foregoing is true and correct.

/s/
Karen Davie
Attorney Assistant

UMWA Health & Retirement Funds
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037

SUBSCRIBED AND SWORN TO

BEFORE ME THIS 5th DAY OF

FEBRUARY, 2007

/s/
Annette Hargis
Notary Public

MY COMMISSION EXPIRES OCTOBER 14, 2007

197014156.doc

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2007, the foregoing Affidavit of Service by Certified Mail was mailed via United States Mail, First Class, Postage Prepaid, to the following individuals:

>Ralph D. Rinaldi, Esquire
>Cowles, Rinaldi, Judkins & Korjus, LTD
>10521 Judicial Drive
>Suite 204
>Fairfax, Virginia 22030

/s/ _____
Christopher F. Clarke
Senior Assistant General Counsel
D.C. Bar No. 441708

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| 7160 3901 9849 8678 6831 | A. Received by (Please Print Clearly) Phillip R Cooper | B. Date of Delivery 11-3-06 |
| | C. Signature X [signature] | ☐ Agent ☐ Addressee |
| 3. Service Type  CERTIFIED MAIL | D. Is delivery address different from item 1? If YES, enter delivery address below: | ☐ Yes ☐ No |
| 4. Restricted Delivery? (Extra Fee)  ☐ Yes | | |
| 1. Article Addressed to: 1:06-CV-01744 Wind River Resources Corp. Phillip R. Cooper PO Drawer I Marmet, WV 25365 | | |

PS Form 3811, January 2005     Domestic Return Receipt

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,<br><br>     Plaintiffs,<br>  v.<br><br>Wind River Resources Corp.<br>BC Energy, Inc.<br><br>     Defendants. | Civil Action No. 1:06-CV-01744 (RWR) |

## AFFIDAVIT OF DALE R. STOVER

I, Dale R. Stover, after being duly sworn, depose and state as follows:

 1. I am an employee of the United Mine Workers of America ("UMWA") 1950 Pension Plan, the UMWA 1974 Pension Plan, the UMWA Combined Benefit Fund, the UMWA 1992 Benefit Plan, the UMWA 1993 Benefit Plan and the UMWA Cash Deferred Savings Plan of 1988. These Plans and Trusts are jointly administered and are commonly known as the UMWA Health and Retirement Funds (the "Funds"). I am employed as the Funds' Director, Finance and General Services.

 2. In discharging my duties as Director of the UMWA Health and Retirement Funds, I am responsible for the operation and guidance of the Department of Finance and General Services, which includes, among other things, overall supervision of accounting and financial reporting, collection of statutory premiums and contractual contributions, field audit, withdrawal liability and financial analysis for each of the Plans and Trusts. I am also responsible for insuring that the Funds have adequate internal accounting controls and that the accounting conforms to GAAP, federal regulations and Funds' policies.

3.      It is my duty, among other things, to determine the amount and amounts owed to the Plaintiffs herein as Trustees of the UMWA 1974 Pension Plan for withdrawal liability pursuant to Section 4201 of the Employee Retirement Income Security Act of 1974, <u>as amended</u> ("ERISA"), 29 U.S.C. § 1381 (1982).

4.      On September 17, 2007, I made an inspection and analysis of the contribution records of Wind River Resources Corp. ("Wind River Resources") at the offices of the UMWA Health and Retirement Funds, 2121 K Street, NW, Washington, D.C. 20037.

5.      Wind River Resources' withdrawal liability to the 1974 Pension Plan was calculated pursuant to Section 4211(c)(3) of ERISA, 29 U.S.C. § 1391(c)(3) with reference to its required contributions as follows.  During the period July 1, 1994 through June 30, 1999, Wind River Resources incurred an obligation to make contributions to the UMWA 1974 Pension Plan in the amount of $1,269,444.58.

1974 Pension Plan Withdrawal Liability

| Withdrawn employer's required contributions to the 1974 Pension Plan <u>for the period 07/01/94–06/30/99</u>  Total amount contributed under the Plan by all employers in the non-construction segment for the 5 plan years ending 06/30/99, <u>plus</u> any employer contributions owed with respect to the segment for earlier periods which were collected in those plan years, <u>less</u> any amount contributed to the Plan with respect to the segment during those plan years by employers who withdrew from the Plan during those plan years. | | 1974 Pension Plan total unfunded vested benefits of the non-construction segment as of 06/30/99 less value of all outstanding claims for withdrawal liability with respect to the segment which can reasonably be expected to be collected from employers withdrawing on or before 06/30/99. | |
|---|---|---|---|
| $    454,970.48 $160,901,000.00 | X | $448,941,000.00 | = $1,269,444.58 |

Total Withdrawal Liability    $1,269,444.58

6.      I have computed interest owed by Wind River Resources, in accordance with 29 U.S.C. § 1399(c)(5), July 4, 2002, the due date of the first installment payment for withdrawal liability, to September 19, 2007 at the rate prescribed in 29 U.S.C. §§ 1399(c)(6) and 1132(g) and 26 U.S.C. § 6621 on the total outstanding balance of the withdrawal liability of $1,269,444.58.  The interest rates used are

2

the quarterly interest rates in accordance with the Pension Benefit Guaranty Corporation regulation pursuant to 49 Fed. Reg. 22,642 (1984). These interest rates have been adopted by the Plan for use in computing interest on delinquent withdrawal liability payments. The rates in effect during the period relevant to this action, and the corresponding amounts of interest due, are as follows:

| | |
|---|---|
| Interest @ 4.75% from 07/04/02 – 12/31/02 | $ 29,705.00 |
| Interest @ 4.25% from 01/01/03 – 09/30/03 | $ 40,200.77 |
| Interest @ 4.00% from 10/01/03 – 09/30/04 | $ 51,107.84 |
| Interest @ 4.50% from 10/01/04 – 12/31/04 | $ 71,356.75 |
| Interest @ 5.25% from 01/01/05 – 03/31/05 | $ 16,452.00 |
| Interest @ 5.50% from 04/01/05 – 06/30/05 | $ 17,443.44 |
| Interest @ 6.00% from 07/01/05 – 09/30/05 | $ 19,153.38 |
| Interest @ 6.50% from 10/01/07 – 12/31/05 | $ 20,788.42 |
| Interest @ 7.25% from 01/01/06 – 03/31/06 | $ 22,261.50 |
| Interest @ 7.50% from 04/01/06 – 06/30/06 | $ 23,681.49 |
| Interest @ 8.00% from 07/01/06 – 09/30/06 | $ 25,576.77 |
| Interest @ 8.25% from 10/01/06 – 09/19/07 | $ 101,560.64 |
| MINIMUM DUE: | $268,181.59 |

Interest @ 8.25% after September 19, 2007 is $286.89 per day.

7. I have computed the request for liquidated damages pursuant to the provisions set forth in ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b) and Article X.I of the United Mine Workers of America 1974 Pension Plan which state as follows:

> Section 1451(b): "In any action to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 1145)."
>
> Section 1132(g)(2): "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 1145 in which a judgment in favor of a plan is awarded, the court shall award the plan
>
>    (a) the unpaid contributions,
>    (b) interest on the unpaid contributions
>    (c) an amount equal to the greater of
>        (i)   interest on the unpaid contributions or
>        (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under

> Federal or state law) of the amount determined by that court under subparagraph (a), …"

Article X.I:

> (iii) "If the Trustees file suit to collect the outstanding balance of withdrawal liability, plus accrued interest, and a judgment is entered by the courts in favor of the Trustees, the judgment entered shall provide for an additional amount equal to 20% of the outstanding amount of withdrawal liability as liquidated damages."

8. To determine whether 29 U.S.C. § 1132(g)(2)(c)(i) or 29 U.S.C. § 1132(g)(2)(c)(ii) provides the proper liquidated damages to the United Mine Workers of America 1974 Pension Plan, I have computed liquidated damages in this case in the following manner:

(a) Pursuant to 29 U.S.C. § 1132(g)(2)(c)(i), and as stated in Paragraph 6 of this affidavit, the interest on the unpaid contributions equals $268,181.59.

(b) Pursuant to 29 U.S.C. § 1132(g)(2)(c)(ii) and Article X.I of the United Mine Workers of America 1974 Pension Plan, twenty percent (20%) of the unpaid contributions equals $253,888.92 [$1,269,444.58 (total withdrawal liability) X 20%].

Thus, pursuant to 29 U.S.C. § 1132(g)(2)(c), and based on the computations set forth above, liquidated damages in this case are $268,181.59.

9. I have prepared the following summary showing the amounts due from the Defendants:

| | |
|---|---|
| Principal amount due from Paragraph 5 | $1,269,444.58 |
| Interest amount due from Paragraph 6 | $ 268,181.59 |
| Liquidated damages due from Paragraph 7 | $ 268,181.59 |
| **Total Amount Due** | $1,805,807.76 |

I hereby certify under penalty of perjury that the foregoing is true and correct this 17th day of September, 2007 at Washington, D.C.

/s/
DALE R. STOVER

197012305.doc

SUBSCRIBED AND SWORN TO

BEFORE ME THIS 17th DAY

OF SEPTEMBER, 2007

/s/
ANNETTE HARGIS
Notary Public

My commission expires on October 14, 2007

5

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,<br><br>                Plaintiffs,<br>    v.<br><br>BC ENERGY, INC. AND WIND RIVER RESOURCES CORP.<br><br>                Defendants. | Civil Action No. 1:06-CV-01744 (RWR) |

## AFFIDAVIT OF CHRISTOPHER F. CLARKE

I, Christopher F. Clarke, hereby certify under penalty of perjury as follows:

1. I am co-counsel for Plaintiffs, the Trustees of the United Mine Workers of America ("UMWA") Health and Retirement Funds ("Funds"), and am co-counsel of record for Plaintiffs in this action.

2. I submit this Affidavit in support of the Plaintiffs' Application for Default Judgment which includes a request for attorneys' fees. Attorneys' fees are sought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1451(b), which provides as follows:

> Section 1451(b): "In any action to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 1145)."

> Section 1132(g)(2): "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 1145 in which a judgment in favor of a plan is awarded, the Court shall award the plan...

"(D) reasonable attorney's fees and costs of the action, to be paid by the defendant..."

3. I believe the fee of $300.00 for legal services rendered in connection with this case is fair and reasonable, based upon the facts set forth in the preceding paragraphs, and that Plaintiffs should have Judgment for that amount pursuant to 29 U.S.C. § 1132(g)(2)(D).

4. Plaintiffs have incurred the following disbursements, cost and expenses in connection with this case, which costs have been paid by the Funds and for which the Funds should have judgment:

| | |
|---|---:|
| Filing fee for Complaint | $350.00 |
| Postage and copy charges | 6.00 |
| WV Secretary of State's service fee | 20.00 |
| Certification Fees (advance) | 44.00 |
| TOTAL | $420.00 |

I declare under penalty of perjury that the foregoing is true and correct.

/s/
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: (202) 521-2238

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 17TH DAY
OF SEPTEMBER, 2007

/s/
ANNETTE HARGIS
NOTARY PUBLIC

My commission expires on October 14, 2007.

2

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,

        Plaintiffs,

v.

BC ENERGY, INC. AND WIND RIVER RESOURCES CORP.

        Defendants.

Civil Action No. 1:06-CV-01744 (RWR)

## ORDER OF DEFAULT JUDGMENT AGAINST WIND RIVER RESOURCES CORP.

In this action, Defendant Wind River Resources Corp., a corporation, having been regularly served with the Summons and Complaint, and having failed to plead or otherwise defend, the legal time for pleading or otherwise defending having expired, and the default of the Defendant Wind River Resources Corp. having been duly entered according to law; upon the application of Plaintiffs, and upon all papers filed herein and the evidence adduced thereby, judgment is hereby entered against Defendant Wind River Resources Corp. in accordance with the prayer of Complaint.

WHEREFORE, by virtue of 29 U.S.C. §§ 1132(g) and 1451(b) and by reason of the premises aforesaid,

It is ORDERED, ADJUDGED and DECREED that the Plaintiffs do have and recover from Defendant Wind River Resources Corp.:

    (a)    withdrawal liability of        $1,269,444.58;

(b) prejudgment interest calculated at at PBGC rates and in accordance with with the Affidavit of Dale R. Stover through September 19, 2007 of   $ 268,181.59;

(c) additional prejudgment interest accrued from September 19, 2007 through the date of this Order at the rate of $286.89 per diem of   $_____;

(d) liquidated damages equal to prejudgment interest through September 19, 2007 of   $ 268,181.59;

(e) plus additional liquidated damages equal to prejudgment interest accrued from September 19, 2007 at the rate of $286.89 per diem of   $_____;

(f) attorneys' fees and cost of   $   720.00;

for a TOTAL JUDGMENT AMOUNT   $_____;

and that the Plaintiffs have execution therefore against the Defendant, Wind River Resources Corp.

/s/
UNITED STATES DISTRICT JUDGE

cc: Christopher F. Clarke, Senior Assistant General Counsel
UMWA Health and Retirement Funds
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037

Ralph D. Rinaldi, Esquire
Cowles, Rinaldi, Judkins & Korjus, LTD
10521 Judicial Drive
Suite 204
Fairfax, VA 22030

John A. Rollins, Esquire
Lewis, Glasser, Casey & Rollins, PLLC
300 Summers Street
Suite 700
Charleston, West Virginia 25326